IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RALPH ARRED,

    Petitioner,

v.                                              Civil Action No. 5:07CV126
                                                                (STAMP)

WAYNE A. PHILLIPS,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

On October 1, 2007, the petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, seeking an order directing the Bureau of Prisons ("BOP") to transfer him to a Community Corrections Center ("CCC") for the last six months of his term of imprisonment. This matter was referred to United States Magistrate Judge John S. Kaull for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09.

In response to a show cause order dated October 3, 2007, the respondent filed a motion to dismiss the petition as moot. The petitioner timely responded.

In his report setting forth his recommended disposition, the magistrate judge recommends that the respondent's motion to dismiss as moot be granted, and that the petitioner's § 2241 be denied as moot and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party

may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.

The petitioner timely filed objections on November 14, 2007. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety, that the respondent's motion to dismiss should be granted, and that the petitioner's § 2241 petition should be denied as moot and dismissed with prejudice.

## II. Facts

On December 11, 2006, the petitioner was sentenced for federal tax evasion in the United States District Court for the Southern District of New York to a twenty-four month sentence to be served at FCI Morgantown, to be followed by one year of supervised release. The petitioner was recommended by his Unit Team for placement in a CCC[1] for a term of sixty to ninety days.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld

---

[1] The term Residential Release Center ("RRC") has replaced the term Community Corrections Center ("CCC"). Because the parties use the term "CCC" in their pleadings, this Court will do so as well.

unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

IV. Discussion

Pursuant to 18 U.S.C. § 3621(b), the BOP must consider five factors when determining the period for CCC placement. The factors include the following:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the offender;

(4) any statement by the court that imposed the sentence--

    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

The petitioner correctly asserts that the BOP cannot rely upon a categorical formula to determine the length of an inmate's CCC placement. Rather, the BOP must consider the § 3621(b) statutory factors. The petitioner contends that he is being unlawfully denied transfer to a CCC for the last six months of his sentence.

3

The respondent's motion to dismiss argues that the BOP did not use a categorical formula in determining the length of the petitioner's CCC placement. Instead, the respondent contends that it made a CCC referral date based only on the five factors listed in 18 U.S.C. § 3621(b). Therefore, the government argues that because the petitioner has received the relief sought in the petition, the petitioner has failed to present a live controversy, and this Court lacks jurisdiction to adjudicate the petitioner's claims.

In response to this motion to dismiss, the petitioner asserts that because his § 3621(b) referral date is the same as his initial referral date under the old categorical rule, that the BOP did not actually consider the five factors under the statute. The petitioner claims that the BOP is only "acting out" consideration of the § 3621(b) factors in determining a CCC referral date.

In his report and recommendation, the magistrate judge found that the BOP did actually consider the five factors set forth in 18 § 3621(b) and that the petitioner had received all the consideration to which he is due thereunder. In his objections to the report and recommendation, the petitioner argues that the Second Chance Act of 2007 requires the BOP to double the length of CCC confinement. Additionally, the petitioner contends that the length of his CCC placement should be doubled to reflect his medical health and age.

This Court has conducted a <u>de novo</u> review and concludes that the petitioner is not entitled to an order from this Court directing the BOP to transfer the petitioner to CCC placement for a longer period than has already been granted. An inmate's placement in a CCC which is limited to the lesser of ten percent of his sentence or six months is invalid only when the BOP fails to consider the § 3621(b) statutory factors. In this case, the BOP referral form demonstrates that the BOP utilized the § 3621(b) factors when determining the petitioner's length of CCC placement of between sixty and ninety days. Specifically, the form states the following:

> Inmate Arred was reviewed under 18 U.S.C. § 3621(b): 1) There are available community resources in his release area. 2) The nature and circumstances of the offense are eligible for Community Corrections as there was no violence or other extenuating circumstances that would preclude placement. 3) The history and characteristics of the inmate are: Arred has a secured residence. He is willing to be employed upon release, however, at this time he does not have anything secured. Due to his age (67), he is unsure how successful he will be at securing employment. Prior to his incarceration, he was self-employed in the Construction field. 4) The Sentencing Court in the Southern District of New York did not make any statements in the Judgment and Commitment Order regarding Residential Re-entry Center (RRC) placement. 5) There is no pertinent policy by the Sentencing Commission.

(Dckt. 9.) Furthermore, the petitioner's case manager made a declaration that she did utilize the five enumerated factors in 18 U.S.C. § 3621(b) in determining the petitioner's CCC placement period. (Dckt. 6-3 at Ex. 1.) The petitioner has failed to

present any credible information showing that this declaration is untruthful. Accordingly, this Court agrees with the magistrate judge's finding that the BOP has met all of its requirements by considering the § 3621 factors in determining the petitioner's CCC placement period.

Furthermore, this Court agrees with the magistrate judge that because the petitioner has received all of the benefits to which he is entitled, the issues for which the petitioner seeks redress are moot. Therefore, this Court must dismiss this action for lack of subject matter jurisdiction. The jurisdiction of federal courts is limited to live cases or controversies. U.S. Const. art. III, § 1. When a case no longer presents a viable legal issue to resolve, the case becomes moot. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, the magistrate judge properly found that the petitioner has already been granted the relief that he sought, namely that the BOP considered the § 3621(b) factors when making its determination concerning the petitioner's CCC placement period.[2] In addition,

---

[2] To the extent that the petitioner seeks an order requiring the BOP to afford him a longer period of CCC placement, this Court lacks authority to grant the relief he seeks. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 251 (3d Cir. 2005) (the BOP's authority to grant an inmate CCC placement does not impose a

6

this Court observes that according to the BOP inmate locator website, the petitioner was released from custody on September 5, 2008. Therefore, because the petitioner is no longer in the custody of the BOP, this Court finds that the petitioner's legal challenges no longer require resolution. For these reasons, this case is moot, and this Court lacks the requisite jurisdiction to consider the issues raised therein.

V.  Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, affirmed and adopted in its entirety. Accordingly, for the reasons set forth above, the respondent's motion to dismiss is GRANTED, and the petitioner's § 2241 petition is DENIED AS MOOT and DISMISSED WITH PREJUDICE. In addition, it is hereby ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal

---

requirement that it must do so).

prisoner proceeding under 28 U.S.C. § 2241. <u>See</u> 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); <u>see also</u> Fed. R. App. P. 22; <u>Drax v. Reno</u>, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 15, 2008

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE